# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BOGDAN RENTEA | § | |
| | § | |
| v. | § | CAUSE NO. A-11-CV-031 LY |
| | § | |
| DEAN JANES | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Dismiss and Motion to Change Venue (Clerk's Doc. No. 6); Plaintiff's Response (Clerk's Doc. No. 7); Defendant's Reply (Clerk's Docket No. 10); Defendant's Supplement to Motion to Change Venue (Clerk's Doc. No. 13); and Plaintiff's Response (Clerk's Docket No. 14). The District Court referred the above-motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. GENERAL BACKGROUND

Plaintiff Bogdan Rentea ("Plaintiff"), a Texas resident, is a shareholder in Imaging3, Inc., a California company that develops 3D medical imaging devices. Plaintiff alleges that the Chairman and Chief Executive Officer of Imaging3, Dean Janes ("Defendant"), made false and misleading statements to his shareholders regarding his ability to obtain approval from the FDA for the sale of the Dominion VI Scanner, a 3D medical imaging device being developed by his company. Plaintiff

claims that Defendant repeatedly misled public investors about his ability to obtain FDA approval through "market communication mechanisms, including, but not limited to conference calls, press releases and personal appearances by Defendant on Money TV," and via public filings. Plaintiff's Second Amended Complaint at ¶ 11. Plaintiff contends that these false statements caused Imaging3's stock to artificially rise until the day the FDA rejected approval of the device which caused the stock to plummet. Plaintiff claims that he detrimentally relied on Defendant's false statements by purchasing stock in the company and suffering economic losses.

Plaintiff filed this lawsuit against Defendant on January 11, 2011, and alleges claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as SEC Rule 10-b-5. In response to Plaintiff's Complaint, Defendant filed the instant Motion to Dismiss, or in the alternative to dismiss or transfer venue to the Central District of California. Defendant argues that Plaintiff's Complaint should be dismissed because it does not meet the pleading requirements of Federal Rules of Civil Procedure 9(b) and 12(b)(6). Alternatively, Defendant requests that the case be dismissed or transferred to Californian for improper venue under 28 U.S.C. § 1406(a), or transferred under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.

## II. ANALYSIS

### A. Improper Venue under § 1406(a)

Defendant argues that the Court should either dismiss this case under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or transfer the case to the Central District of California. Plaintiff contends that venue is proper in this District because "the Defendant directed his statements to all shareholders wherever located" and "Defendant should have anticipated that his statements could be directed to a shareholder in this District." Amended Complaint at ¶ 6.

Under § 1406(a), if a case has been filed in the "wrong division or district," the district court has the authority to either dismiss the case or transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the federal courts are divided on which party bears the burden of proof on a motion to dismiss for improper venue,[1] 'the better view" is that once a proper venue objection has been raised, the burden is on the plaintiff to establish that the district she has chosen is a proper venue since it is the plaintiff's general duty to prove that a case is properly before a particular tribunal. 14D CHARLES ALAN WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE & PROCEDURE § 3826 (3rd ed. 2007). Thus, for the purposes of this Motion, the Court will assume that the burden of proof is on the Plaintiff to prove venue is proper in the instant District.

Defendant argues that Plaintiff has not satisfied the specific venue provision contained in the Securities Exchange Act of 1934 ("Exchange Act"). This venue provision provides that civil actions to enforce any liability or duty under that Act may be brought in the district "wherein the defendant is found or is an inhabitant or transacts business" or "wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. See also, 14D CHARLES ALAN WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE & PROCEDURE § 3824 (3rd ed. 2007).[2]

---

[1] Compare *Roach v. Bloom*, 2009 WL 667218, at *p. 2 (N.D. Tex. March 16, 2009); *Bounty-Full Entm't, Inc. v. Forever Blue Entm't Group, Inc.*, 923 F. Supp. 950, 957 (S.D. Tex.1996) (placing burden on defendant) with *Uviado, LLC v. USA,* 755 F. Supp.2d 767 (S.D. Tex. 2010); *Norsworthy v. Mystik Transp. Inc.*, 430 F. Supp.2d 631, 633 (E.D. Tex. 2003); *Langton v. Cbeyond Comm'n*, LLC, 282 F. Supp.2d 504, 508 (E.D. Tex. 2003) (placing burden on plaintiff).

[2] The plaintiff also bears the burden of showing that the defendant falls withing the special venue provisions of the Exchange Act. *See SEC v. Rizvi*, 2010 WL 2949311, at *2 (E.D. Tex. July 2, 2010).

It is undisputed that Defendant – a resident of California – is not an inhabitant of this district and has never owned any property or maintained any business offices in Texas. *See* Exhibit A to Defendant's Motion. Defendant's company, Imaging3, is located in Burbank, California and does not maintain any business offices outside of California. Thus, for venue to be proper within this District, Plaintiff must demonstrate that "any act or transaction constituting the violation occurred" in the Western District of Texas. 15 U.S.C. § 78aa.

The "act" or "transaction" contemplated by the statute "need not be crucial, nor must 'the fraudulent scheme be hatched in the forum district.'" *Hilgeman v. Nat'l Ins. Co. of Am.*, 547 F.2d 298, 301 (5th Cir. 1977) (quoting *Hooper v. Mountain State Sec. Corp.*, 282 F.2d 195, 204 (5th Cir. 1960), *cert. denied*, 365 U.S. 814 (1961)). Nonetheless, the act must be "of material importance to the consummation of the scheme." *Id.*[3] However, "the defendant need not be physically present in the forum district nor need he commit more than a single act in the district if that act is important to the consummation of the scheme." *Id.* at 302 n. 11.

Janes argues that no materially important part of the alleged fraud occurred in this district. He argues that the only act "identified with any particularity" by Plaintiff in his Complaint is the Form 10-K filed with the SEC and available on the SEC's website. Defendant's Motion at p. 5.

---

[3]The Fifth Circuit found the following acts to be of "material importance:" *Luallen v. Higgs*, 277 Fed. Appx. 402 (5th Cir. 2008) (soliciting sales in Texas was of material importance to the consummation of the defendants' scheme involving the fraudulent sales of the Nevada mineral leases and thus was sufficient to satisfy the requirements of § 78aa); *Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1257(5th Cir. 1994) (finding that defendant was subject to suit where prospectus was mailed even though it was drafted in New York, where defendant knew it would be distributed nationwide); *Hilgeman*, 547 F.2d at 302 (holding that sending a premium payment notice to Alabama was sufficient to establish venue in Alabama where the notice was part of a scheme designed to extract ongoing annual payments from a plaintiff who had been fraudulently induced to purchase a security)

Janes relies on case law finding that venue is lacking where the only contact with the Plaintiff's forum is the availability of a passive website. *E.g.*, *Equidyne Corp. v. Does 1-21*, 279 F. Supp.2d 481, 488-89 (D. Del. 2003); *Miller v. Asensio*, 101 F. Supp.2d 395, 405 (D.S.C. 2000). These cases, however, can be easily distinguished from the instant case. First, *Equidyne* and *Miller's* holdings were based on the fact that the only connection between the defendant and the requested forum was a posting of allegedly misleading material on a *passive* website accessed by the plaintiff. *See Miller*, 101 F. Supp.2d at 406 (distinguishing its ruling from other cases based upon the fact that the Defendant merely posted information on a passive site and no information could be exchanged with the host computer); *Equidyne*, 279 F. Supp.2d at 488-89 (finding venue improper where only act was posting of information on a website which was not highly interactive). This is not the situation in the case at bar. Although Janes did not send any communications *directly* to Plaintiff, Plaintiff alleges that Janes did much more than maintain a passive website; specifically, Plaintiff alleges that Janes made false and misleading statements during advertised conference calls and announced appearances on Money TV "to which Plaintiff was invited to attend and view" and that reached into this district. Plaintiff's Response at 3. In addition, Plaintiff contends that Janes was an "active participant" on Investors Hub and posted over 262 messages beginning on April 28, 2006. *Id.* These alleged "acts" are sufficient to demonstrate that this Court has venue over this action. *See Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 149 (10th Cir. 1967) (holding that press releases and acts incident to the sale of the stock were enough to lay venue there); *SEC v. Rizvi*, 2010 WL 2949311 at * 4-6 (E.D. Tex. July 2, 2010) (holding that misleading statements made through the offering

circular, press release, telephone calls, website, oral presentation and e-mails were sufficient to show venue under § 78aa).[4]

Based upon the foregoing, the Court finds that Plaintiff has alleged sufficient facts to show that Defendant's allegedly false and misleading statements were transmitted into this district. Accordingly, venue is proper in this district under 15 U.S.C. § 78 aa and Defendant's Motion to Dismiss for improper venue should be denied.[5]

**B.     Should the case be transferred under § 1404(a)?**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). It is well-settled that the party seeking the transfer of venue bears the burden of demonstrating that the case should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion.

---

[4]*See also, Wojtunik v. Kealy*, 2003 WL 22006240 at * 5-6 (E.D. Pa. Aug. 26, 2003) (finding venue proper where defendant sent annual reports and sent SEC filings to the Eastern District of Pennsylvania through mail and wire communications); *In re AES Corp. Sec. Litig.*, 240 F. Supp.2d 557, 560 (E.D. Va. 2003) (holding that press releases and business journal articles containing information disseminated by defendant which reached a nationwide audience and were disseminated in forum district were sufficient to show venue in that district even where there was no showing that a class member read and relied on that information); *In re Triton Sec. Litig.*, 70 F. Supp.2d 678, 686-7 (E.D. Tex. 1999) (holding that press releases, public statements and printed *Reuters* news stories sent into district were sufficient to show venue in that district under § 78aa).

[5]Defendant has recently notified the Court that it has used an auditing firm located in Houston, Texas to conduct the audits of its financial statements during the time periods at issue in this litigation. *See* Defendant's Supplement to Motion to Change Venue (Clerk's Docket No. 130). This additional fact does not change the Court's analysis.

*In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc), *cert. denied*, 129 S.Ct. 1336 (2009); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

The preliminary question under § 1404 is whether the lawsuit "might have been brought" in the destination venue. *In re Volkswagen*, 545 F.3d at 312. As discussed above, the Court finds that this case "might have been brought" in this district. The Court must next determine whether the Defendant has shown "good cause" for transferring the case to California. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). This requires the party moving for transfer to "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.' " *Id*. (quoting 28 U.S.C. § 1404(a)).

1. Factors to be considered

When deciding whether to transfer venue, courts balance the private interests of the litigants with the public's interest in the fair and efficient administration of justice. *In re Volkswagen*, 545 F.3d at 315. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law." *Id.* The Fifth Circuit has clarified that these factors are not exhaustive or exclusive and none are dispositive. *Id.*

### a. The Relative Ease of Access to Sources of Proof

Defendant contends that all of the physical evidence and documents relevant to Plaintiff's claims in the case are located in the Central District of California, where Imaging3 maintains its offices. Defendant emphasizes that the Dominion VI Scanner, at issue in this lawsuit, was invented, developed and built in the Central District of California. In addition, all the alleged false statements made by Defendant were made from that District. Plaintiff does not dispute the foregoing and has failed to identify any documents or evidence which are located in the Western District of Texas. Accordingly, this factor weighs in favor of transfer.

### b. Compulsory process to secure the attendance of witnesses

All of the potential witnesses (both party and non-party) identified by Janes are residents of the Central District of California.[6] Defendant also contends that these witnesses are within the subpoena power of the Central District of California. Plaintiff has failed to identify any non-party witnesses who reside in the Western District of Texas. The Court finds that this factor weighs in favor of transfer.

### c. The cost of attendance for willing witnesses

Defendant argues that requiring a substantial number of Imaging3's employees to attend trial in Texas for a prolonged period of time would cause it to suffer a serious financial hardship. As noted, Plaintiff has failed to identify any witnesses other than himself who would have to travel to California for the trial. Because all of the witnesses (except for Plaintiff) in this case reside in California, it would clearly be more convenient for the majority of the witnesses in this case to

---

[6]While courts give witnesses who are employees of a party less weight, courts will still consider them in their analysis. *See ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.*, 2009 WL 2244468 at * 8 (S.D. Tex. July 27, 2009).

litigate the case in California rather than in Texas. *See In re Greentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (holding that convenience of parties and witnesses required transfer where a substantial number of witnesses with material and relevant information resided in transferee venue or transferee state). Thus, the Court finds this factor weighs in favor of transfer.

        **d.**      **Local interest**

The only public interest factor addressed by either party is the local interest in having localized interests decided at home. Janes argues that the this factor favors transfer because "the district where the defendant is located usually has the greater localized interest in securities cases." Defendant's Reply at p. 1. While the Western District of Texas clearly has a vested interest in ensuring that its residents are not the targets of fraudulent stock schemes, the Central District of Californian has more of an interest in this particular case since "it has a substantial interest in policing the conduct of businesses that operate within its jurisdiction." *Rizvi*, 2010 WL 2949311 at * 12.

After consideration of the above-factors, the Court finds that Defendant has shown good cause to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## III. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss and/or Motion to Change Venue (Clerk's Doc. No. 6) should be **GRANTED** in **PART** and **DENIED** in **PART**. The Magistrate Judge **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss under 28 U.S.C. § 1406(a) for improper venue. However, the Court **RECOMMENDS** that the District

Court **GRANT** Defendant's Motion to Transfer Venue and **TRANSFER** this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).[7]

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

---

[7]Because the Court is recommending that the case be transferred to the Central District of California, the Court has withheld from making recommendations on the substantive portions of Defendant's Motion to Dismiss based on Rule 9(b) and 12(b)(6), so that the Central District of California can rule on these matters once the case is transferred.

SIGNED this 22nd day of July, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE